## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL WIDMER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  12 C 7066 |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Pro se plaintiff Michael Widmer ("Widmer") has just filed a one-page hand-printed document captioned "Leave To File Amended Complaint," and he has supplemented that request with a printout reflecting transactions in his prison trust fund account for two periods -- one beginning April 22 and ending June 16, 2012 (when he was confined at Jacksonville Correctional Center)[1] and the other proceeding from that date forward (during which period he has been in custody at Lawrenceville Correctional Center).  But although Widmer complains that "I have not received any information as to the status of my complaint since September 5, 2012 which was almost 60 days ago," that is just not true -- and Widmer knows it.

To the contrary, within two weeks after the Clerk's Office received Widmer's original Complaint brought under 42 U.S.C. § 1983, this Court had already reviewed his filing and issued a brief September 18 memorandum order ("Order") that (1) explained Widmer's then failure to have submitted the trust fund account printout required by 18 U.S.C. § 1915 ("Section 1915"),

---

[1]  All dates referred to in this order were also during 2012.

(2) ordered that he do so for the six-month period from March 1 through August 31, so that this Court could carry out its own responsibilities under Section 1915 and (3) concluded in this fashion:

> Accordingly this court must defer action to Widmer's Complaint pending the submission of his trust fund account information. When that is provided this Court anticipates taking appropriate action in the case (including a ruling on Widmer's Motion).

Instead Widmer has failed to provide the required information for the earliest part of the six-month period (beginning March 1) when he was presumably housed at the Stateville Correctional Center,[2] which is shown by the Jacksonville printout to have transmitted $0.06 to Jacksonville on June 4.

Because this Court would be prepared to entertain and consider an Amended Complaint if Widmer tendered one, he would be well advised to submit both the presently-missing information from Stateville and the proposed new pleading at his earliest convenience. Until that happens this Court remains unable to act in the case (including ruling on Widmer's new motion, which is taken under advisement).[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 1, 2012

_____

[2] One of the printouts also shows funds coming from and going to Danville Correctional Center. Was Widmer also confined there during the March 1 to August 31 period? If so, still another printout is needed.

[3] This means that Widmer's earlier filed motions seeking leave to proceed in forma pauperis (Dkt. No. 3) and his motion for appointment of counsel (Dkt. No. 4) also continue to be held under advisement.