IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL WIDMER**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 7066 |
| **ILLINOIS DEPARTMENT OF CORRECTIONS**, et al., | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM ORDER

This Court has been both patient and cooperative in the effort by pro se plaintiff Michael Widmer ("Widmer") to proceed with his self-prepared 42 U.S.C. § 1983 action without prepayment of the $350 filing fee. Because Widmer is not (of course) an electronic filer and may not have retained his copy of the November 1, 2012 memorandum order ("Order") issued by this Court, it attaches a copy of the Order for his convenience.

Although the Order could not have been more plain in explaining what was missing from Widmer's earlier filings, his further submission received in the Clerk's Office has still not included the necessary information from <u>all</u> institutions where he was in custody during the six-month time frame from <u>March 1</u> through <u>August 31, 2012</u>.[1] Instead, the major portion of the new filing relates to the irrelevant time frame from and after September 1, 2012 -- and moreover, to the extent that the newly-filed trust fund account printouts do cover part of the relevant six-

---

[1] That is the relevant six-month period because Widmer's Complaint, having been received in the Clerk's Office on September 4, 2012, is almost certainly treated under the "mailbox rule" (<u>Houston v. Lack</u>, 487 U.S. 266 (1988)) as having been filed at the end of August.

month period, they are not entirely consistent with the earlier printouts that Widmer had submitted covering the same time frame.

Accordingly Widmer's Application for leave to proceed in forma pauperis under 28 U.S.C. § 1915 (Dkt. 3) is denied, so that its accompanying motion for appointment of counsel (Dkt. 4) is denied as moot. Unless on or before December 17, 2012 Widmer either pays the $350 filing fee or provides a full set of the required trust fund account printouts, this action will be dismissed promptly thereafter.

Finally, because Widmer's most recent filing has made no further reference to his earlier motion for leave to file an Amended Complaint, that motion (Dkt. 10) is also denied. But because Widmer may still wish to revise his original Complaint if he takes the other action that is required to keep this case alive, that last denial is without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 19, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL WIDMER**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 C 7066 |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pro se plaintiff Michael Widmer ("Widmer") has just filed a one-page hand-printed document captioned "Leave To File Amended Complaint," and he has supplemented that request with a printout reflecting transactions in his prison trust fund account for two periods -- one beginning April 22 and ending June 16, 2012 (when he was confined at Jacksonville Correctional Center)[1] and the other proceeding from that date forward (during which period he has been in custody at Lawrenceville Correctional Center). But although Widmer complains that "I have not received any information as to the status of my complaint since September 5, 2012 which was almost 60 days ago," that is just not true -- and Widmer knows it.

To the contrary, within two weeks after the Clerk's Office received Widmer's original Complaint brought under 42 U.S.C. § 1983, this Court had already reviewed his filing and issued a brief September 18 memorandum order ("Order") that (1) explained Widmer's then failure to have submitted the trust fund account printout required by 18 U.S.C. § 1915 ("Section 1915"),

---

[1] All dates referred to in this order were also during 2012.

(2) ordered that he do so for the six-month period from March 1 through August 31, so that this Court could carry out its own responsibilities under Section 1915 and (3) concluded in this fashion:

> Accordingly this court must defer action to Widmer's Complaint pending the submission of his trust fund account information. When that is provided this Court anticipates taking appropriate action in the case (including a ruling on Widmer's Motion).

Instead Widmer has failed to provide the required information for the earliest part of the six-month period (beginning March 1) when he was presumably housed at the Stateville Correctional Center,[2] which is shown by the Jacksonville printout to have transmitted $0.06 to Jacksonville on June 4.

Because this Court would be prepared to entertain and consider an Amended Complaint if Widmer tendered one, he would be well advised to submit both the presently-missing information from Stateville and the proposed new pleading at his earliest convenience. Until that happens this Court remains unable to act in the case (including ruling on Widmer's new motion, which is taken under advisement).[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 1, 2012

---

[2] One of the printouts also shows funds coming from and going to Danville Correctional Center. Was Widmer also confined there during the March 1 to August 31 period? If so, still another printout is needed.

[3] This means that Widmer's earlier filed motions seeking leave to proceed in forma pauperis (Dkt. No. 3) and his motion for appointment of counsel (Dkt. No. 4) also continue to be held under advisement.