```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

MICHAEL WIDMER B-30985,        )
                               )
          Plaintiff,           )
                               )
     v.                        )     No.  12 C 7066
                               )
ILLINOIS DEPARTMENT OF         )
CORRECTIONS, et al.,           )
                               )
          Defendants.          )
```

MEMORANDUM ORDER

This Court's brief November 19, 2012 memorandum order began this way:

> This Court has been both patient and cooperative in the effort by pro se plaintiff Michael Widmer ("Widmer") to proceed with his self-prepared 42 U.S.C. §1983 action without prepayment of the $350 filing fee.

That is really an understatement, for despite this Court's careful spelling out of what Widmer must do to comply with his obligations under 28 U.S.C. §1915 ("Section 1915"), he still has not provided what that same memorandum order went on to describe as "the necessary information from <u>all</u> institutions where he was in custody during the six-month time frame from <u>March 1</u> through <u>August 31</u>, 2012.[1]

To review the bidding, this Court's original memorandum order (issued September 18, two weeks after Widmer's Complaint arrived in the Clerk's Office) had specifically identified that

---

[1] Those underlined portions of the quoted language were emphasized in that manner in an effort to avoid any possible misunderstanding on Widmer's part as to what he had to furnish.

same requirement for Widmer. Despite the clarity of that directive, his October 1 response purportedly transmitted "trust fund vouchers which begin on May 1, 2012 end on September 6, 2012"--but that was plainly wrong in more than one respect:

    1. All that his transmittal showed for the month of May was a transaction statement from Stateville Correctional Center ("Stateville") that had only one item: It showed a May 1 transfer of a beginning balance of $0.05 to Jacksonville Correctional Center ("Jacksonville") with nothing having been provided from the latter institution.

    2. Another transaction statement that was included, this one from Lawrence Correctional Center ("Lawrence"), covered only the period from June 28 through July 19--and the only entries that reflected deposits were a June 29 transfer of $212.46 from Danville Correctional Center ("Danville") and a July 3 transfer from Danville in the sum of $60. No information from Danville was provided.

    3. Finally, another statement from Stateville showed a single entry of September 6 (a postage payment of $0.65), but it reflected "Total Inmate Funds of $138.12" as of the September 6 date, without any explanation of or accounting for how that balance came about.

Next Widmer filed a one-page hand-printed document captioned "Leave To File Amended Complaint" on October 29, coupling that

2

with two trust fund account printouts:

    1. One came from Jacksonville and spanned the period from June 4 through June 16, beginning with the $0.05 transfer from Stateville and ending with what were shown as transfers to Danville.

    2. As for the second, it was from Lawrence and covered a period that began on June 28 and went well past the relevant six-month time frame. That statement began with what were shown as "intake and transfers in" from <u>Danville</u> and were in amounts that matched the "Danville Corrections" amounts at the end of the Jacksonville statement just referred to in paragraph 1, so that it appears that Widmer's funds may simply have gone into and out of the Danville account without Widmer himself having spent any time at that institution.

All the same, up to that point Widmer had failed to present any information at all (except for the $0.05) covering fully half of the relevant six-month period: the time frame from March 1 through May 31.

That prompted this Court's swift issuance of its November 1 memorandum order, which once again defined the March 1 through August 31 requirement called for by Section 1915. Yet Widmer's next filing on November 14 was accompanied by a repeat of the Lawrence information running from June 28 through mid-October,

3

but this time Widmer also tendered a Jacksonville statement that ran from May 4 through June 15.

Finally, just last week Widmer lodged three more statements, one of which came from Danville and confirmed what this Court had surmised earlier--a simple in-and-out set of transfers. As for the other two statements, they were just repeats of earlier-tendered statements from Jacksonville and Lawrence.

In sum, despite the clarity of this Court's repeated instructions, Widmer has still not done the job called for by Section 1915--both March and April 2012 are <u>still</u> missing. Under the circumstances this Court must adhere to its earlier warning in its November 19 memorandum order:

> Unless on or before December 17, 2012 Widmer either pays the $350 filing fee or provides a full set of the required trust fund account printouts, this action will be dismissed promptly thereafter.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 10, 2012

4