```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

MICHAEL WIDMER B-30985,        )
                               )
          Plaintiff,           )
                               )
     v.                        )   No.  12 C 7066
                               )
ILLINOIS DEPARTMENT OF         )
CORRECTIONS, et al.,           )
                               )
          Defendants.          )

<u>MEMORANDUM ORDER</u>

Despite this Court's repeated inability to get through to putative plaintiff Michael Widmer ("Widmer") with an understanding of the requirements of 28 U.S.C. §1915 ("Section 1915") as a precondition to his being permitted to go forward with his prospective 42 U.S.C. §1983 lawsuit, it will make one final attempt on that score. "Final" is used advisedly, for if Widmer again demonstrates an inability to understand unambiguous instructions he will not be granted the Section 1915 privilege of proceeding in forma pauperis on the installment basis presented there.

Most recently[1] Widmer has filed a hand-printed response that

---

[1] "Most recently" is no longer accurate, for after this memorandum order had been dictated and transcribed and was ready for issuance this Court received a copy of another In Forma Pauperis Application filed by Widmer and received in the Clerk's Office yesterday. But because the attached trust fund account printout covered transactions during a totally wrong period (from September 21 through December 18, 2012), no change has been made in the text of this memorandum order as originally dictated and transcribed.

this time describes his successive transfers from one Illinois Department of Correction ("IDOC") facility to another--but he has done so with total disregard for this Court's repeated--and abundantly clear--requests that he account for the missing information as to transactions in his trust fund account in "<u>all</u> institutions where he was in custody during the months of March and April 2012." What Widmer has said on that score is simply this:

>    1.  In March 0f 2012, I was not in IDOC.
>    2.  I entered into IDOC on April 11th, 2012 at Stateville.

In the hodgepodge of trust fund reports that Widmer has previously submitted in response to this Court's several memorandum orders, the earliest reported transaction is a May 4, 2012 "Intake and Transfers In" from Stateville Correctional Center to Jacksonville Correctional Center of just $.05. There is no report from Stateville for the period that Widmer says he was there (that is, reportedly beginning April 11, 2012, in addition to which experience tells us that it is highly unlikely that a convicted state criminal defendant would be permitted to self-surrender to the IDOC--so it seems almost certain that Widmer had been in custody somewhere (perhaps the Cook County Jail or some other custodial institution) <u>before</u> April 11.

It was in recognition of the difficulties that Widmer was encountering in getting information from IDOC that this Court

asked him to provide simply the identity of, and the time during which he was in custody at "all institutions" in March and April 2012. If he had complied with that request, this Court had anticipated requesting the trust fund transaction information from those institutions on Widmer's behalf (on the premise that this Court's requests would most likely be handled by the state officials, as contrasted with the inattention that Widmer has described).

In any event, this Court will not yet take adverse action out of its understandable sense of frustration--instead Widmer will be given one more opportunity to provide the still-missing information about his custodial status anywhere during March and April 2012. If that information is not forthcoming on or before January 28, however, this action will be dismissed because of Widmer's continued noncompliance with the plain language of Section 1915 and this Court's orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:   January 14, 2013